**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TAMARA FRANKLIN                                                PLAINTIFF

V.                          CASE NO.: 2:12CV00175 BD

CAROLYN W. COLVIN, Acting Commissioner,
Social Security Administration[1]                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

Plaintiff Tamara Franklin appeals the final decision of the Commissioner of the

Social Security Administration (the "Commissioner") denying her claims for Disability

Insurance benefits ("DIB") under Title II of the Social Security Act (the "Act") and for

Supplemental Security Income ("SSI") benefits under Title XVI of the Act.  For the

following reasons, the decision of the Commissioner must be REVERSED and

REMANDED.

I.      **Background**

On November 24, 2008, Ms. Franklin protectively filed for DIB and SSI, alleging

disability beginning on February 1, 2008, due to irreversible heart damage, migraines, and

degenerative disc disease.  (Tr. 159-161, 162-168, 203)  Ms. Franklin's claims were

denied initially and upon reconsideration.  At her request, an Administrative Law Judge

("ALJ") held a hearing on August 3, 2010, at which Ms. Franklin appeared with her

---

[1] On February 14, 2013, Carolyn W. Colvin became the Acting Commissioner of
the  Social Security Administration.  She has been substituted for named Defendant
Michael J. Astrue under Fed.R.Civ.P. 25.

attorney.  (Tr. 75)  At the hearing, the ALJ heard testimony from Ms. Franklin and a

vocational expert ("VE").  (Tr. 75-103)

The ALJ issued a decision on September 2, 2010, finding that Ms. Franklin was

not disabled under the Act.  (Tr. 53-65)  On August 14, 2012, the Appeals Council denied

Ms. Franklin's request for review, making the ALJ's decision the Commissioner's final

decision.  (Tr. 1-5)

Ms. Franklin was forty-seven years old at the time of the hearing.  (Tr. 80)  She

was 5'6" tall and weighed approximately 198 pounds.  (Tr. 80)  She had an eighth-grade

education.  (Tr. 82)  She could read, write, and do basic math.  (Tr. 82-83)

Ms. Franklin lived with a friend.  (Tr. 80)  She testified that she could not sit,

stand, or lie down for long periods.  (Tr. 92)  She was recently incarcerated but could not

remember why.  (Tr. 89-90)

## II.     Decision of the Administrative Law Judge

The ALJ followed the required sequential analysis to determine: (1) whether the

claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a

severe impairment; (3) if so, whether the impairment (or combination of impairments)

met or equaled a listed impairment; and (4) if not, whether the impairment (or

combination of impairments) prevented the claimant from performing past relevant work;

and (5) if so, whether the impairment (or combination of impairments) prevented the

claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)-(g) (2005), 416.920(a)-(g) (2005).

The ALJ found that Ms. Franklin had not engaged in substantial gainful activity since her alleged disability onset date.  (Tr. 56)  And he found that Ms. Franklin had the following severe impairments: pancreatitis, perirectal abscess, hypertension, osteoarthritis of the left knee, degenerative disc disease of the lumbar spine, hypothyroidism, migraines, chronic obstructive pulmonary disease, obesity, anxiety disorder, pain disorder, dysthymic disorder, and alcohol abuse/dependence in partial sustained remission.  (Tr. 56)  The ALJ also found, however, that Ms. Franklin did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1526, 416.926).  (Tr. 56-58)

The ALJ determined that Ms. Franklin had the residual functional capacity ("RFC") to perform light work, with occasional balancing, stooping, kneeling, crouching, crawling, and climbing of stairs and ramps, but no climbing of ladders, ropes, and scaffolds.  According to the ALJ, Ms. Franklin would also need to avoid exposure to extreme temperatures, dusts, fumes, gases, odors, and other pulmonary irritants.  She required an option to stand or sit at will and was was limited mentally to work where interpersonal contact would be minimal and incidental to the work performed.  Complexity of tasks would need to be learned and performed by rote and have few

variables.  Tasks should require little judgment, and supervision would have to be simple, direct, and concrete.  (Tr. 58-64)

Using VE testimony, the ALJ determined that Ms. Franklin was capable of performing her past relevant work as a cashier.  (Tr. 64)  Because the ALJ determined that Ms. Franklin could perform past relevant work, he denied benefits at Step Four.  (Tr. 64)  See 20 C.F.R. §§ 404.1520(a)(4)(iv); 416.920(a)(4)(iv).

**III.   Analysis**

    A.   *Standard of Review*

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.  *Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).  Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."  *Id*. (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed, "simply because some evidence may support the opposite conclusion."  *Id*. (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

B.    *Plaintiff's Arguments for Reversal*

Ms. Franklin claims the ALJ's decision was not supported by substantial evidence

because: (1) the ALJ failed to consider whether substance abuse was a material factor

contributing to disability; (2) the ALJ erred by rejecting the findings of a consultative

physician; (3) the ALJ erred in his assessment of RFC; and (4) the ALJ erred in his Step

Four findings.  (#11)

C.    *Ms. Franklin's Alcohol Abuse*

Ms. Franklin alleges that the ALJ never considered the impact of her substance

abuse and failed to determine the materiality of the abuse.  (#11, pp. 14-15)  The ALJ

clearly considered Ms. Franklin's substance abuse, because he found alcohol abuse to be

a severe impairment.  (Tr. 56)  The ALJ did not explain, however, how Ms. Franklin's

substance abuse affected her ability to perform basic work-related activities.  This was

error.  Because Ms. Franklin did not allege any limitations due to alcohol abuse, however,

this error was harmless.

As noted by the Commissioner, and in the cases cited by Ms. Franklin, the ALJ did

not err in failing to determine the materiality of Ms. Franklin's substance abuse.  "If the

ALJ finds a disability and evidence of substance abuse, the next step is to determine

whether those disabilities would exist in the absence of the substance abuse."  (#11, at pp.

14-15)  The ALJ did not find a disability, so the "next step" of determining materiality

was unnecessary.

5

D.    *Opinion of Consulting Physician*

Ms. Franklin complains that the ALJ rejected the findings of consulting physician,

Don Birmingham, Ph.D.  This argument rests on Dr. Birmingham's opinion that Ms.

Franklin's pain and depression would interfere with her ability to concentrate, sustain

persistence, and complete tasks in an acceptable time frame.  (#11, p. 16)

The degree of interference with concentration, persistence, and pace is not clear

from the consultative report.  (Tr. 437-441)  Regardless, the ALJ gave Dr. Birmingham's

opinion "limited weight."  (Tr. 63)  Ms. Franklin notes, however, that "Dr. Birmingham's

opinions are even consistent with the ALJ's findings of 'moderate' limitations in

concentration, persistence or pace."  (#11, at p. 16)  The acknowledgment that the ALJ's

findings were consistent with Dr. Birmingham's opinions makes the weight assigned to

the opinions irrelevant.  Even if the Court assumed the ALJ erred, any error was harmless,

because the ALJ's findings were consistent with Dr. Birmingham's opinions.

E.    *RFC Determination*

The ALJ bears the primary responsibility for assessing a claimant's RFC.

*Wildman v. Astrue*, 596 F.3d 959, 969 (8th Cir. 2010).  It is the claimant's burden,

however, to prove RFC.  *Baldwin v. Barnhart*, 349 F.3d 549, 556 (8th Cir. 2003).

Ms. Franklin argues that the ALJ erred in failing to consider her pain disorder and

osteoarthritis of the knee when determining her RFC.  (#11, p. 18)  As he did with Ms.

Franklin's substance abuse, the ALJ clearly considered Ms. Franklin's pain disorder and

osteoarthritis of the knee because he found them to be severe impairments.  (Tr. 56)  The

ALJ did not explain how Ms. Franklin's pain disorder and osteoarthritis of the knee

affected her ability to perform basic work-related activities.  Unlike her substance abuse,

Ms. Franklin made a number of claims about the limiting nature of her pain.

The ALJ appeared to discredit Ms. Franklin's pain and knee impairments.  (Tr. 60-

62)  Because he found the impairments severe, by definition, he found them limiting.

Some of the limitations found by the ALJ could be related to pain or osteoarthritis

of the knee.  But Ms. Franklin suffered from thirteen different severe impairments.  (Tr.

56)  This Court cannot assume the limitations credited by the ALJ covered Ms. Franklin's

severe pain disorder and osteoarthritis of the left knee.  On remand, the ALJ must either

find pain disorder and osteoarthritis of the knee non-severe, or account for the resulting

limitations.

F.     *Step Four Finding Regarding Past Relevant Work*

A claimant is not disabled if he or she can perform the actual demands of a

particular past relevant job, or the functional demands of the occupation as generally

performed in the national economy.  *Evans v. Shalala*, 21 F.3d 832, 833–834 (8th Cir.

1994).  With the assistance of VE testimony, the ALJ found that Ms. Franklin could

perform her past relevant work as a cashier.  This finding is not supported by substantial

evidence.

Ms. Franklin testified that she worked as a cashier at a gas station for three months in 2008.  (Tr. 83)  Work reports show that she worked as a cashier at a gas station for a maximum of three months in 2007.  In 2008, she worked for about two months as a small retail chain cashier.  (Tr. 223)  It does not appear that either of these cashier jobs qualified as past relevant work.

Past relevant work, for purposes of the Social Security Act, is work performed within the preceding 15 years at the level of substantial gainful activity.  20 C.F.R. §§ 404.1560(b)(1); 416.960(b)(1).  The Commissioner primarily considers earnings when evaluating work activity for substantial gainful activity purposes.  20 C.F.R. §§ 404.1574(a)(1); 416.974(a)(1).  Ms. Franklin earned a total of $2,122.45 in 2007 and $2,093.23 in 2008.  (Tr. 182-183, 198)  Depending on the exact number of months she worked, these earnings are borderline for substantial gainful activity.[2]  Even if the earnings threshold was met, both jobs appear to have been unsuccessful work attempts.

If a claimant works three months or less, then stops working or reduces earnings below the substantial gainful activity earnings level due to her impairments, the Commissioner must consider this work to be an unsuccessful work attempt.  20 C.F.R.

---

[2] For non-blind individuals, earnings in 2007 of at least $900.00 per month qualified as substantial gainful activity.  Ms. Franklin earned a total of $2,122.45 in 2007 for approximately three months of work. (Tr. 182-183, 198)  For 2008, the rate was $940.00 per month.  Ms. Franklin earned a total of $2,093.23 in 2008 for two to three months of work.  (Tr. 182-183, 198)
See http://www.ssa.gov/oact/cola/sga.html

§§ 404.1574(c)(3); 416.974(c)(3).  An unsuccessful work attempt will not ordinarily show

that a claimant is able to perform substantial gainful activity.  20 C.F.R. §§

404.1574(c)(1); 416.974(c)(1).  Ms. Franklin testified that she was let go from her cashier

job due to deterioration in her health.  (Tr. 83)  Each of her cashier jobs lasted three

months or less.

Even if Ms. Franklin's cashier jobs qualified as past relevant work, the VE's

testimony failed to show that she could still perform this work.  The ALJ asked the VE to:

> [A]ssume this individual is only able to perform work where interpersonal
> contact is incidental to the work performed.  For example, assembly work.
> (Tr. 100)

When asked whether the hypothetical person could perform cashier work, the VE

responded:

> In my opinion, could.   Interpersonal – the activities [inaudible] with
> individuals are – are not – don't meet interpersonal relationship status.
> (Tr. 101)

The ALJ found an RFC close to the hypothetical presented to the VE, but added that

interpersonal contact is "minimal and incidental."  (Tr. 58)  This Court might be able to

accept the VE's assertion that a cashier's interaction with customers does not meet

"interpersonal relationship status," and that "interpersonal relationship status" is the same

thing as "interpersonal contact," but there is no support in the record, or in the VE's

testimony, to show that a cashier's interpersonal contact is also minimal.

9

A VE's testimony constitutes substantial evidence only when the ALJ's hypothetical captures all of the concrete consequences of a claimant's impairments. *Buckner v. Astrue*, 646 F.3d 549, 561 (8th Cir. 2011).  In this case, the ALJ's hypothetical did not include the requirement of minimal interpersonal contact.  This was error, and the ALJ could not rely on the VE's testimony to find that Ms. Franklin could perform her past relevant work.

IV.   **Conclusion**

After consideration of the record as a whole, the Court concludes that the Commissioner's decision is not supported by substantial evidence.  Therefore, the Commissioner's decision is reversed and remanded for action consistent with this opinion.  This is a "sentence four" remand within the meaning of 42 U.S.C. § 405(g) and *Melkonyan v. Sullivan*, 501 U.S. 89 (1991).

IT IS SO ORDERED this 13th day of June, 2013.

_____
UNITED STATES MAGISTRATE JUDGE